IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED

MAY 2 4 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 1:19-MJ-249 |
| | ) | |
| LENNY JOEL RAMIREZ, | ) | |
| | ) | |
| Defendant | ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Angel Espinal, Deputy United States Marshal, United States Marshals Service, being

duly sworn, state as follows:

### INTRODUCTION

1.      I am a Deputy United States Marshal currently assigned with the Bureau of

Alcohol, Tobacco, Firearms, and Explosives (hereinafter "ATF"), and have been so since

February 2019.  I am currently assigned to the ATF Washington Field Office, Group II.  I am a

January 2008 graduate of the Federal Law Enforcement Training Center and the United States

Marshals Academy, where I received training in federal laws.

2.      As a Deputy United States Marshal assigned to the ATF, I am authorized to

conduct investigations into criminal violations of the laws of the United States, including, but not

limited to, federal firearms offenses, as enumerated in Title 18, United States Code,

Section 924(a)(1)(A).

3.      Through my training and experience, I am aware that federal law prohibits federal

firearms licensees ("FFLs") from selling a firearm to a non-licensee purchaser "unless the [FFL]

records the transaction on a firearms transaction record, Form 4473."  27 C.F.R. § 478.124(a).  I

1

am further aware that the law requires FFLs to retain "as a part of the required records, each Form 4473 obtained in the course of transferring custody of the firearms." 27 C.F.R. § 478.124(a). Accordingly, any false statement a purchaser makes on a Form 4473 pertains to information an FFL is required by law to maintain.

4.     I submit this affidavit in support of a complaint and corresponding arrest warrant charging LENNY JOEL RAMIREZ (hereinafter " RAMIREZ") with knowingly making a false statement or representation on a Form 4473, with respect to information required by law to be kept in the records of an FFL, in violation of Title 18, United States Code, Section 924(a)(1)(A).

5.     The facts in this affidavit are based upon my personal knowledge, as well as knowledge, information, and documentation that I obtained from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include every fact known to me or to other law enforcement officers regarding this matter.

## PROBABLE CAUSE

6.     On February 22, 2019, ATF initiated an investigation of RAMIREZ, after reviewing five firearm trace summary reports related to his past firearms purchases. According to the trace summary reports, at least four firearms that RAMIREZ purchased were recovered in and around the greater Washington D.C. area in the possession of someone other than RAMIREZ. The firearms recovered are listed below:

> a. Ruger LCP, .380 caliber pistol. Recovered in Forestville, Maryland on
>    May 16, 2018, with a time to crime of 542 days from the original
>    purchase date. The firearm was purchased by RAMIREZ from DK

2

Firearms (FFL) on November 20, 2016 at the Dulles Gun Show in Chantilly, Virginia, within the Eastern District of Virginia.

b. HS Product (IM Metal) XD MOD 2, .45 caliber pistol. Recovered in Cambridge, Maryland on September 5, 2017, with a time to crime of 87 days from the original purchase date. The firearm was purchased by RAMIREZ on June 10, 2017 from Gander Mountain (FFL) in Woodbridge, Virginia, within the Eastern District of Virginia.

c. Glock 23, .40 caliber pistol, serial number: BDDX382. Recovered in Arlington, Virginia on October 13, 2017, with a time to crime of 6 days from the original purchase date. The firearm was purchased by RAMIREZ on October 7, 2017 from Sharpshooters Indoor Range and Pro Shop FFL (hereinafter "Sharpshooters") in Lorton, Virginia, within the Eastern District of Virginia.

d. Smith & Wesson SD9VE, 9mm caliber pistol. Recovered in Washington, D.C. on December 13, 2018, with a time to crime of 527 days from the original purchase date. The firearm was purchased by RAMIREZ on July 4, 2017 from Gander Mountain (FFL) located in Woodbridge, Virginia, within the Eastern District of Virginia.

7.    ATF later contacted the various police departments where the firearms were recovered in order to obtain the police reports for the recoveries. After reviewing a police report from Arlington County Police Department, ATF discovered that Arlington County Police arrested RAMIREZ on October 12, 2017 in relation to a credit card fraud investigation.

3

8.     During the course of that investigation, Arlington County Police found that RAMIREZ and his accomplice, Keith Murphy (hereinafter "Murphy"), stole a credit card and purchased multiple items, including two firearms from Sharpshooters.

9.     Arlington County Police were able to obtain copies of the receipts, ATF Form 4473, and surveillance footage from Sharpshooters.  From the surveillance footage, Arlington County Police were able to identify RAMIREZ and Murphy in the footage looking at firearms together on October 7, 2017. During the course of the surveillance video, RAMIREZ speaks with a sales clerk, asking about the firearms while Murphy stands close by. In the footage, RAMIREZ then fills out the paperwork for the firearms, purchasing the firearms with a stolen credit card. After the transaction was complete, the sales clerk placed two firearms into separate bags. RAMIREZ and Murphy both took possession of a bag before they left the store together. According to the ATF Form 4473, RAMIREZ purchased a Glock 27, .40 caliber pistol, serial number: WKZ293, and a Glock 23, .40 caliber pistol, serial number: BDDX382.

10.     At the time of his firearm purchase from Sharpshooters on October 7, 2017, RAMIREZ completed an ATF Form 4473. Question 11a on the form asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm to you." RAMIREZ answered "yes," representing that he was the actual transferee/buyer of the firearms listed on the form.  On Section 16 of the form, RAMIREZ certified by signature that his answers on the form were "true, correct, and complete," and that he understood that "making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to [the] transaction, is a crime punishable

4

as a felony under Federal law," and that "the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of law."

11.     Arlington County Police conducted a voluntary interview via telephone with Murphy on October 11, 2017. During the course of that interview, Murphy admitted stealing his aunt's credit card in order to pay a gambling debt to RAMIREZ. Murphy also admitted to going to Sharpshooters with RAMIREZ to purchase the firearms with the stolen credit card. Murphy stated that he was in possession of both firearms at the time. Murphy was later arrested by Arlington County Police on October 13, 2017 in response to a shots fired call. During the course of that arrest, Murphy was found to be in possession of one of the firearms that RAMIREZ purchased on October 7, 2017, a Glock 23, .40 caliber pistol, serial number: BDDX382.

12.     Arlington County Police arrested, Mirandized, and interviewed RAMIREZ on October 12, 2017 and asked about his firearms purchases. During the course of that interview, RAMIREZ confessed to using the stolen credit card to purchase the firearms from Sharpshooters. RAMIREZ admitted to giving one of the firearms to Murphy. RAMIREZ later told Arlington County Police the location of the other firearm he purchased at Sharpshooters, a Glock 27, .40 caliber pistol, serial number: WKZ293. That firearm was later recovered.

## CONCLUSION

13.     Based on the foregoing, I respectfully submit that there is probable cause to

believe that on or around October 7, 2017, within the Eastern District of Virginia, RAMIREZ did

willfully make false statements in the acquisition of firearms, in violation of Title 18 United

States Code, Section 924(a)(1)(A).


Angel Espinal
Deputy U.S. Marshal/ATF Detailee
Bureau of Alcohol, Tobacco, Firearms, and
Explosives


Subscribed to and sworn before
me this **24** day of May, 2019.

_____ /s/ _____
John F. Anderson
THE HONORABLE JOHN F. ANDERSON
UNITED STATES MAGISTRATE JUDGE

6